STATE v. SOFRONIA HUNTER.

*Indictment for Releasing Impounded Cattle—Stock Law.*

While Section 2816 authorizes the impounding of cattle running at large, and makes it a misdemeanor to release stock so impounded, yet when the prosecutor drove defendant's hogs into an enclosure while defendant was in pursuit of them in view of the prosecutor and after she had sent a message to him not to imprison them, as she was trying to catch them ; *Held*, defendant's offence was not within the meaning and spirit of the law, and the evidence did not justify a conviction·

INDICTMENT for releasing impounded stock, tried before *Coble, J.*, and a jury, at the September Term, 1895, of WAKE Superior Court, on appeal from the judgment rendered against the defendant in the court of a justice of the peace.

There was evidence showing that certain hogs, the property of the defendant, Sofronia Hunter, escaped from

the enclosure or pen in which they were confined, without the knowledge of the defendant, and when the defendant discovered it, she, with the assistance of two other women, who were at her house at the time, endeavored to get them back into the pen, but failing to do so, they kept watch over them, and when the hogs started off from the house the defendant and the other women went immediately in pursuit of them; and that the hogs went into a marsh, and the defendant being unable to follow them, went to the house of a neighbor who had planted corn, and notified him that the hogs had broken out and she was doing all she could to get them back to the pen; that the hogs went through the marsh, leaving the defendant on the opposite side, and defendant, when she saw that they had passed through the marsh, started around the marsh after them, and being some distance off, but in plain view of the prosecutor, saw him and another man going towards the hogs, and, after reaching them, attempted to toll and drive them. At this time a neighbor of the defendant came up on horseback, and defendant requested him to ride on and tell the prosecutor that she was after the hogs, and ask him not to put them up; that the messenger reached the lot of prosecutor about the time he was putting the hogs up; there being evidence tending to show that he reached the place before any of the hogs were fastened up, and when only one had been gotten in the lot; and that prosecutor was notified not to put the hogs up, as the defendant was in pursuit of them; that before the hogs could be confined within an inner enclosure, defendant arrived and drove two of the hogs from the lot, but could not get them away; that the others broke out of the enclosure that afternoon, but did not go off, and prosecutor again put them up that evening, and kept them until he was directed by the owner of the land to release them without charge.

STATE *v.* HUNTER.

Upon this evidence defendant insisted that the stock was not "running at large," in the sense used by the statute, at the time of the taking up, and that the taking up was not a legal impounding, and that therefore the releasing was not unlawful.

*The Attorney General,* for the State.
*Messrs. Argo & Snow,* for defendant (appellant).

FAIRCLOTH, C. J.: The defendant is indicted for releasing impounded stock under *The Code,* Sec. 2819. It is a misdemeanor to allow stock to go at large in stock-law territory. *Code,* Sec. 2811. Stock found at large may be impounded. *Code,* Sec. 2816. It is a misdemeanor to release impounded stock. *Code,* Sec. 2819. Assuming the evidence to be as it appears in the printed record, we are of opinion that the defendant is not guilty. We see no error in the judge's charge in a case for the jury, but we put our decision on the principle that the evidence is not sufficient to authorize a conviction. We think the evidence fails to show a case falling within the meaning and spirit of the law. The defendant was in earnest pursuit of her hogs, and the prosecutor was diligent in endeavoring to capture and impound the same, although the defendant was in "his" plain view in pursuit, and although he was notified by a messenger from the defendant not to put them up, as she was in pursuit of them. It is not to be understood, however, from this opinion that stock running at large, without the knowledge, or consent of the owner, is not subject to be impounded and dealt with as provided by the Statute. Let this be certified.

Reversed.